# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     **Plaintiff,**

**v.**                                          **Case No. 13CR1877 WJ**

**JAMIE ESTRADA,**

     **Defendant.**

## AMENDED[1] MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY AND SET BRIEFING SCHEDULE FOR DISPUTES REGARDING BRADY AND JENCKS DISCLOSURES

**THIS MATTER** comes before the Court upon Defendant's Motion to Compel Discovery and Set Briefing Schedule for Disputes Regarding *Brady* and *Jencks* Disclosures, filed March 7, 2014 **(Doc. No. 36)**. Having considered the parties' pleadings and the applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is DENIED.

### Background

Susana Martinez is the Governor of the State of New Mexico having been elected to that office in November of 2010. Defendant was Governor Martinez' campaign manager from July to December of 2009. Defendant had access to a campaign domain name, and the Government alleges that he used that access to intercept e-mails intended for users affiliated with the campaign. Further, the Government alleges that Defendant made false statements to Federal Bureau of Investigation ("FBI") agents who investigated allegations related to the unauthorized and/or illegal access to the Governor's e-mail. A federal grand jury returned an indictment

---

[1] This Amended Order is e-filed to correct typographical errors in the earlier draft version that was e-filed as **(Doc. No. 46)**.

against Defendant on May 29, 2013 and it was superseded on October 13, 2013.  Defendant is now charged with twelve counts of intercepting electronic communications and four counts of making false statements to the FBI.

Having reviewed Defendant's Motion to Compel Discovery and Set Briefing Schedule for Disputes Regarding *Brady* and *Jencks* Disclosures **(Doc. No.36),** the Government's Response **(Doc. No. 42)** and Defendant's Reply **(Doc. No. 44)**, the Court, as a preliminary matter, has decided that it will state for the record what this case is about and what it is not.  Accordingly, this case is about whether the Defendant is guilty or not guilty of the crimes charged in the Superseding Indictment; nothing more, nothing less.  Consequently, the Court has no interest in devoting time and resources on matters that are neither relevant nor material to the conduct charged in the Indictment.

**Discussion**

**I.     Legal Standard**

There is "no general constitutional right to discovery in a criminal case."  <u>Weatherford v. Bursey,</u> 429 U.S. 545, 559 (1977).  "[T]he *Brady* rule, Rule 16 and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled."  <u>United States v. Presser</u>, 844 F.2d 1275, 1285 (6th Cir. 1988); <u>see also</u> <u>United States v. Griebel</u>, 312 F. App'x 93, 95-96 (10th Cir. 2008) (noting the "[G]overnment's discovery obligations [] are defined by Rule 16, Brady, Giglio and the Jencks Act" and stating the defendant's request to expand his discovery rights beyond those three sources was unsupported by the law) (unpublished)].

*Rule 16*

Federal Rule of Criminal Procedure 16(a)(1) establishes guidance as to the nature and scope of pretrial discovery that the United States must provide. As to documents and objects, Rule 16(a)(1)(E) provides the following:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>> (i) the item is material to preparing the defense;
>> (ii) the government intends to use the item in its case-in-chief at trial; or
>> (iii) the item was obtained from or belongs to the defendant.

Fed. R. Crim. P. 16(a)(1)(E).

A defendant must make a prima facie showing of materiality before he is entitled to obtain requested discovery. See United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir. 1990). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." Id. The term "defense" means an argument in response to the prosecution's case-in-chief, *i.e.*, an argument that refutes the government's claims that the defendant committed the crime charged. See United States v. Armstrong, 517 U.S. 456, 462 (1996). To show materiality, the evidence must bear some abstract logical relationship to the issues in the case such that pretrial disclosure would enable the defendant significantly to alter the quantum of proof in his favor. United States v. Lloyd, 992 F.2d 348, 350-51 (D.C. Cir. 1993). This materiality requirement is not a heavy burden; rather, evidence is material as long as there is a strong indication that the evidence "will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." Id. at 351 (internal quotations omitted). Nevertheless, ordering the production by the government of discovery without any preliminary showing of materiality is inconsistent with Rule 16. Mandel, 914 F.2d at 1219.

*Brady Material*

The Brady doctrine was established by the Supreme Court in Brady v. Maryland, 373

3

U.S. 83, 87 (1963):

> We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.

The Court in Kyles v. Whitley, 514 U.S. 419 (1995), described the responsibility of the government in dealing with Brady:

> But the prosecution, which alone can know what is undisclosed, must be assigned the responsibility to gauge the likely net effect of all such evidence and make disclosure when the point of "reasonable probability" is reached. This in turn means that the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police. But whether the prosecution succeeds or fails in meeting this obligation, the prosecution's responsibility for failing to disclose known, favorable evidence rising to a material level of important is inescapable.

Id. at 437-438.

Brady also extends to evidence affecting witness credibility.  See Giglio v. United States, 405 U.S. 150, 154 (1972).

The Government is not required to produce evidence simply because it *might* be exculpatory. United States v. Agurs, 427 U.S. 97, 110, n. 16 (1976) ("It is not to say that the State has an obligation to communicate preliminary, challenged, or speculative information."); United States v. Fleming, F.3d 1325, 1331 (10th Cir. 1994) (noting "[t]he mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard.").  The Court does not have a duty to directly supervise the Government's disclosure of Brady information, as such supervision would necessitate a complete review of all material gathered during the Government's investigation. See United States v. McVeigh, 923 F. Supp. 1310, 1313 (D. Colo. 1996). Rather, the duty to determine what disclosure is required under Brady rests with the prosecution.  See Bank v. Reynolds, 54 F.3d 1508, 1517 (10th Cir. 1995); McVeigh, 923 F.Supp.

4

at 1313.  The Court should rely on the Government's representations of its compliance with Brady unless the defendant shows cause to question them and the materiality of the evidence sought. See McVeigh, 923 F.Supp.  at 1314; see also Banks v. Dretke, 540 U.S. 668, 696 (2004) ("[o]rdinarily, we presume that public officials have properly discharged their official duties.").

In his Motion, Defendant implies that some of his specific discovery requests essentially amounts to Brady evidence.  The Court will discuss the specific discovery requests in greater detail below, but as a preliminary matter, the Court notes that Defendant has not shown cause for the Court to question the Government's representations that it is complying with Brady. Defendant's conclusory assertions that certain evidence *must* be exculpatory and/or impeachment material simply because the Government does not wish to voluntarily turn it over is not a sufficient basis for the Court to order the production of the material under Brady.  The Government is no doubt aware of its obligation under Brady.  Moreover, the Government must provide any material falling under Brady in a timely manner.  Defendant has not pointed to any specific material that is truly exculpatory and/or impeachment material that the Government has failed to provide.  Accordingly, to the extent that Defendant's discovery requests are based upon Brady, those requests are denied.

*Jencks Act Material*

The Jencks Act, 18 U.S.C. §3500, provides ,"[i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500 (a).  The Act requires the government to provide the statements only *after* the witness has testified.  See 18 U.S.C. § 3500 (b).  Jencks

material differs from <u>Brady</u> material in that it covers any statement made by the Government's witness whether or not it is directly contradictory to his or her testimony.   <u>United States v. Smaldone</u>, 544 F.2d 456, 460 (10th Cir. Colo. 1976). Here, Defendant asks the Court to order the Government to go beyond what is required under the Jencks Act and direct the Government to provide Jencks material months ahead of trial.  Defendant has not cited to any authority requiring the Government to provide Jencks material prior to when the witness or witnesses in question testify and the Court's own research on this issue reveals none.  Accordingly, the Defendant's request for an order requiring early disclosure of Jencks material is denied, as the Court will not depart from well-established precedent concerning the disclosure of Jencks material. Furthermore, even if the Court was inclined to order early production of Jencks material, based upon the plain wording of the Jencks Act, the Court questions whether it has authority to issue such an order.

The Court is familiar with the practice of this United States Attorney's Office to provide Jencks material in advance of trial and the Court certainly approves of this practice.  However, the Court will allow the Government to decide when, in advance of trial, Jencks material will be disclosed.

## II.      Specific Discovery Requests

*Racino information*

Defendant requests information regarding allegations of corruption involved in the award of a contract for the racino at the State Fair grounds.  Specifically Defendant requests: 1) material suggesting that Governor Martinez and her staff made untrue public statements regarding the lease for the Albuquerque Downs and a potential federal investigation of the lease; and 2) all material regarding improper/illegal conduct by Governor Martinez and her staff in

connection with the award of the lease for the Albuquerque Downs' racino.  Defendant argues that Governor Martinez and her staff have urged this prosecution in order to distract the media and apparently the United States' Government from the alleged wrongdoing.  Defendant argues the probative value of the potential motive of government witnesses makes this potential evidence material to the defense under Rule 16.[2]

As an initial matter, Defendant has not pointed to specific public statements made by the Governor and her staff that Defendant wishes the Court to order the Government to produce. Assuming this requested discovery even exists and is somehow material, the Government correctly notes that it is not required to sift through media reports in order to bolster Defendant's case for him.  Defendant and his counsel are more than capable of sifting through media reports and find what they are seeking.  More importantly, Defendant's request is overly broad and largely involves shifting the burden of investigation from himself to the Government, a procedure not proscribed by Rule 16.  See Fed. R. Crim. 16(a)(1)(E) (noting that the Government is required to disclose information in its custody and control  as opposed to the Government obtain evidence for a defendant).   Further, Defendant's request concerns largely irrelevant material.  Defendant repeatedly refers to a theory he wishes to advance that Governor Martinez and her staff are behind his prosecution.  Defendant generally argues that the Governor has a motive to assist in his prosecution because of her allegedly improper conduct in regards to the racino.  However, Defendant has not specifically argued that Governor Martinez and her staff are lying about Defendant's guilt, but rather has only alleged that Governor Martinez and her staff are trying to deflect attention from their own wrongdoing by focusing on Defendant's conduct. The Court will not order the Government to undertake the task of combing through all

---

[2] Defendant also couches this request in terms of a Brady request.  However, as discussed above, the Court will not grant the discovery request on that basis.

of the public statements made by Governor Martinez and her staff about the racino and then comparing those statements to materials the Government may or may not have.  To the extent the Government has <u>Brady</u> material, it is under a clear duty to turn that material over in a timely fashion.  However, the Court will not grant Defendant's broad request for all material regarding the racino lease, because Defendant has failed to show how the requested evidence is material to his defense.

*Transcript of Agent Boady's testimony at the grand jury for the superseding indictment*

Defendant is not automatically entitled to a copy of Agent Boady's testimony from the superseding indictment simply because the Government agreed to provide him with a copy of his testimony at the first grand jury.  Defendant argues this is <u>Brady</u> material because he "surmises" that the reason that the Government is unwilling to turn over the second grand jury transcript is because it contradicts Agent Boady's original testimony.  The Court agrees with the Government that Defendant's speculative assertion that the two statements are different is not sufficient to warrant ordering the Government to disclose the subsequent grand jury testimony.   If this statement falls under <u>Brady</u>, the Government must turn it over in a timely fashion, but the Court will leave that determination to the Government.

Fed. R. Crim. P. 6(e)(3)(C)(i) authorizes a Court to order disclosure of a grand jury proceeding, but does not provide a substantive standard governing such orders.  The Supreme Court, however, has held that a person requesting disclosure must demonstrate "a strong showing of particularized need for grand jury materials before any disclosure will be permitted."   <u>United States v. Sells Eng'g, Inc.</u>, 463 U.S. 418, 442-43 (1983).

Defendant alleges that he needs the grand jury transcript of the superseding indictment in order to show that Agent Boady lied to the original grand jury about whether Defendant created a

new GoDaddy account in July of 2011. However, the superseding indictment does not include the count related to this allegedly false statement by Defendant, as Defendant repeatedly emphasized. Accordingly, the Court does not see how Defendant can claim that Agent Boady would have even testified on the subject of Defendant's statement about the GoDaddy account since it was not part of the charged conduct on the second indictment. Therefore, the Court finds that Defendant has not shown any particularized need for the grand jury transcript to be produced at this time.

*Governor Martinez' and her staff's concerns, beliefs, opinions, and predictions about the public's reaction to the leaked e-mails*

The Court agrees with the Government that Defendant appears to be requesting early disclosure of Jencks material with this category of evidence. The Court has already ruled that it will not order early disclosure of Jencks material so no further discussion on this topic is necessary.

Defendant also argues that Governor Martinez' and her staff's reactions to the leaked e-mails are somehow exculpatory or may offer impeachment material. However, Defendant has again failed to demonstrate how this novel theory constitutes a specific Brady violation by the Government. Further, Defendant has failed to demonstrate why this evidence is material to his defense; he simply asserts that this evidence might generally go to Governor Martinez' and her staff's motives to prosecute this case. The United States Department of Justice through the United States Attorney for the District of New Mexico is the party bringing these federal charges against the Defendant. It goes without saying then that Governor Martinez has no authority to order that federal charges be brought against Defendant. Moreover, considering Governor Martinez' status as a Republican Governor and considering Attorney General Eric Holder's status as a high level cabinet officer in the Democrat administration of President Barack Obama,

the notion that Governor Martinez is controlling the actions of the Department of Justice in bringing federal charges against Defendant is absurd.  Since Defendant has failed to establish that he is entitled to discovery of this material assuming such material exists, its production will not be ordered by the Court.

**THEREFORE, IT IS ORDERED**, that Defendant's Motion to Compel Discovery and Set Briefing Schedule for Disputes Regarding *Brady* and *Jencks* Disclosures **(Doc. No. 36)** is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE